**RODNEY S. DIGGS, ESQ. (SBN 274459)**
rdiggs@imwlaw.com
**ANTONIO K. KIZZIE, ESQ. (SBN 279719)**
akizzie@imwlaw.com
**IVIE, McNEILL & WYATT**
444 S. Flower St., Suite 1800
Los Angeles, CA  90071
Tel: (213) 489-0028; Fax: (213) 489-0552

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF SINUON SAMANTHA PREAM, by and through its successor in interest and heirs at law; B.P.D., a minor and as a Successor in Interest to Sinuon Samantha Pream by and through his Guardian Ad Litem Yoeun Ven; J.T.V.N., a minor and as a Successor in Interest to Sinuon Samantha Pream by and through his Guardian Ad Litem Yoeun Ven; JOCELYN CHANTA LY, an Individual and as a Successor in Interest to Sinuon Samantha Pream; JOANNA MARIAH LY, an Individual and as a Successor in Interest to Sinuon Samantha Pream; YOEUN VEN, an individual; SAN PREAM, an individual, <br><br> *Plaintiffs,* <br><br> vs. <br><br> THE CITY OF LONG BEACH; and DOES 1-10, Inclusive, <br><br> *Defendants.* | CASE NO.: 17-cv-04295 <br><br> **COMPLAINT FOR DAMAGES VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983) AND SUPPLEMENTAL STATE CLAIMS FOR** <br><br> 1. **Excessive Force and Denial of Medical Care - 42 U.S.C. § 1983** <br> 2. **Substantive Due Process - 42 U.S.C. § 1983** <br> 3. **Interference with Familial Relationship  and Freedom of Association - 42 U.S.C. § 1983** <br> 4. **Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983** <br> 5. **Battery - Cal. Govt. Code § 820 – Wrongful Death** <br> 6. **Negligence – Cal. Govt. Code § 820 – Wrongful Death** <br><br> **JURY TRIAL DEMANDED** |

COMES NOW THE ESTATE OF SINUON SAMANTHA PREAM; B.P.M, a minor and as a Successor in Interest to Sinuon Samantha Pream by and through

his Guardian Ad Litem Yoeun Ven; J.T.V.N., a minor and as a Successor in Interest to Sinuon Samantha Pream by and through his Guardian Ad Litem Yoeun Ven; JOCELYN CHANTA LY, an Individual and as a Successor in Interest to Sinuon Samantha Pream; JOANNA MARIAH LY, an Individual and as a Successor in Interest to Sinuon Samantha Pream; YOEUN VEN, an individual; SAN PREAM, an individual, allege as follows:

## INTRODUCTION

1.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal shooting of the Decedent SINUON SAMANTHA PREAM.

## PARTIES

2.     At all relevant times herein, THE ESTATE OF SINUON SAMANTHA PREAM (hereinafter referred to as "DECEDENT") was an individual residing in the City of Long Beach, County of Los Angeles, California.

3.     At all relevant times herein, Plaintiff B.P.D. is a minor residing in the City of Long Beach, County of Los Angeles, California and is the biological son of DECEDENT.  B.P.D. sues in his individual capacity and as a Successor in Interest to SINUON SAMANTHA PREAM by and through his Guardian Ad Litem, YOEUN VEN pursuant to Section 377.30 of the California Code of Civil Procedure.

4.     At all relevant times herein, Plaintiff J.T.V.N. is a minor residing in the City of Long Beach, County of Los Angeles, California and is the biological son of DECEDENT.  J.T.V.N. sues in his individual capacity and as a Successor in Interest to SINUON SAMANTHA PREAM by and through his Guardian Ad

Litem, YOEUN VEN pursuant to Section 377.30 of the California Code of Civil Procedure.

5.      At all relevant times herein, Plaintiff JOCELYN CHANTA LY was an individual residing in the City of Long Beach, County of Los Angeles, California and is the surviving biological daughter of DECEDENT.  JOCELYN CHANTA LY sues in her individual capacity as the surviving biological daughter of DECEDENT and as a Successor in Interest to SINUON SAMANTHA PREAM pursuant to Section 377.30 of the California Code of Civil Procedure.

6.      At all relevant times herein, Plaintiff JOANNA MARIAH LY was an individual residing in the City of Long Beach, County of Los Angeles, California and is the surviving biological daughter of DECEDENT.  JOANNA MARIAH LY sues in her individual capacity as the surviving biological daughter of DECEDENT and as a Successor in Interest to SINUON SAMANTHA PREAM pursuant to Section 377.30 of the California Code of Civil Procedure.

7.      At all relevant times herein, Plaintiff SAN PREAM was an individual residing in the City of Long Beach, County of Los Angeles, California and is the natural father of DECEDENT.  SAN PREAM sues in his individual capacity, pursuant to Section 377.30 of the California Code of Civil Procedure

8.      At all relevant times herein, Plaintiff YOEUN VEN was an individual residing in the City of Long Beach, County of Los Angeles, California and is the natural mother of DECEDENT.  YOEUN VEN sues in her individual capacity.

9.      At all relevant times herein, Defendant CITY OF LONG BEACH (hereinafter "City") are incorporated public entities duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Police Department and its tactics, methods, practices, customs and usage. At all

relevant times, CITY was the employer Defendants DOES 1-10 who were CITY police officers, managerial, supervisorial, and policymaking employees of CITY Police Department.  On information and belief, at all relevant times, Defendant DOES 1-1 were residents of the County of Los Angeles, California and the City of Long Beach, California.  Defendant DOES 1-10 are sued in their individual and official capacity.

10.     At all relevant times, Defendants DOES 1-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant CITY.

11.     At all relevant times, Defendants DOES 1-10 were duly appointed deputies/officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

12.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of CITY.

13.     At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

14.     At all relevant times, Defendants DOES 1-10 were working for Defendants CITY as police officers.

15.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOES 1-10 Defendants.  Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiffs.  Plaintiffs are informed and believes, and thereon alleges that these DOES 1-10 are legally responsible and liable for the

incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.  Plaintiffs will seek to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

16.     On February 6, 2017, Plaintiffs filed comprehensive and timely claims for damages with CITY pursuant to applicable sections in the California Government Code and California Civil Code.

## JURISDICTION

17.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitutions. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

18.     Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

## VENUE

19.     Venue is proper in the Central District Court of California in that all injuries complained of herein were caused and suffered in Los Angeles County, California, which is within the Central District as more fully set forth herein. Defendants are properly before this Court because "a substantial part of the events upon which this action is based occurred in this district." 28 U.S.C. § 1891(a)(2)

and § 1343.  The shooting complained of herein occurred in the City of Sylmar, California, which is in Los Angeles County

## FACTS COMMON TO ALL CAUSES OF ACTION

20.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21.     On or about January 15, 2017, at or around 11:15 a.m., DECEDENT was shot dead by DOES 1-10 near Seventh Street and Bellflower Blvd in the City of Long Beach.  Defendants DOES 1-10 fired numerous rounds at DECEDENT who had acquiesced to all the demands of Defendants DOES 1-10 and posed no threat to any of the officers as she stood 5 foot 2 inches and weight no more than 100 pounds.  After shooting DECEDENT, Defendants DOES 1-10 ignored DECEDENT'S urgent medical needs and left her lying on the ground for an appreciable amount of time without providing medical aid.  As a result, DECEDENT expired.

22.     On information and belief, DECEDENT posed no threat to Defendants DOES 1-10 when they repeatedly shot her.  On information and belief, Defendants DOES 1-10 knew DECEDENT posed no threat to their lives or bodily harm when they repeatedly shot her.  On information and belief, Defendants DOES 1-10 failed to provide advance warnings to DECEDENT prior to shooting her.  On information and belief, Defendants DOES 1-10 failed to request medical aid for Decedent as she lay dying on the ground as a result of multiple bullet wounds.

23.     Plaintiffs are informed, and believe, the DECEDENT suffered great physical pain and anguish after she was shot by Defendants DOES 1-10.

24.     On information and belief Defendants DOES 1-10, while acting in the course and scope of their employment with CITY, negligently assessed the

circumstances presented to them and used deadly force against DECEDENT when DECEDENT posed no reasonable threat to Defendants DOES 1-10.

25.     At no time during the course of these events did DECEDENT pose any reasonable threat of violence to the defendant deputies, nor did she do anything to justify the use of deadly, excessive, unreasonable and unnecessary force against her, by the defendant officers.

26.     Both prior to and during the time in which DECEDENT was shot by defendants, DECEDENT made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that the DECEDENT was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual, deputy or officer.

27.     SAN PREAM was dependent on the DECEDENT.

28.     YOEUN VEN was dependent on the DECEDENT.

## FIRST CAUSE OF ACTION

### Excessive Force and Denial of Medical Care 42 U.S.C. § 1983

### (Plaintiffs B.P.D., J.T.V.N., JOCELYN CHANTA LY and JOANNA MARIAH LY against Defendants DOES 1-10, Inclusive)

29.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.     Defendants DOES 1-10 unjustified shooting deprived DECEDENT of her right to be secure in her person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

31.     The unreasonable use of force by Defendants DOES 1-10 deprived the DECEDENT of her right to be secure in her person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment of the

United States Constitution and applied to state actors by the Fourteenth Amendment.

32.     As a result, DECEDENT suffered a loss of life.  Plaintiffs have also been deprived of their life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.   Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

33.     As a result of the conduct of Defendants DOES 1-10, they are liable for DECEDENT's injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

34.     Defendants DOES 1-10 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing her great bodily harm and death.

35.     This use of deadly force was excessive and unreasonable under the circumstances.  Defendants DOES 1-10's actions thus deprived DECEDENT of her right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

36.     The conduct of Defendants DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES.

37.     Plaintiffs seek damages as successors-in-interest to DECEDENT and representative of the DECEDENT's estate in the amount according to proof.

38.     Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### Substantive Due Process - 42 U.S.C. § 1983

### (Plaintiffs B.P.D., J.T.V.N., JOCELYN CHANTA LY JOANNA MARIAH LY, YOEUN VEN and SAN PREAM against Defendants DOES 1-10, Inclusive)

39.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 38 of this Complaint with the same force and effect as if fully set forth herein.

40.     B.P.D., J.T.V.N., JOCELYN CHANTA LY JOANNA MARIAH LY, YOEUN VEN and SAN PREAM had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious, including but not limited to, unwarranted state interference in B.P.D., J.T.V.N., JOCELYN CHANTA LY JOANNA MARIAH LY, YOEUN VEN and SAN PREAM familial relationship with DECEDENT.

41.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious.

42.     As a result of the unjustified shooting which was committed after DECEDENT acquiesced to the demands of Defendants DOES 1-10, and when DOES 1-10 knew DECEDENT posed no harm to them or others DECEDENT died.  Plaintiffs were thereby deprived of their constitutional right of familial relationship with DECEDENT.

43.     Defendants DOES 1-10, acting under the color of state law, thus violated the Fourteenth Amendment of B.P.D., J.T.V.N., JOCELYN CHANTA LY

JOANNA MARIAH LY, YOEUN VEN and SAN PREAM to be free from unwarranted interference with their familial relationship with DECEDENT.

44.    The aforementioned actions of Defendants DOES 1-10, along with other undiscovered conduct, shook the conscious, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

45.    As a direct and proximate cause of the acts of the Defendants DOES 1-10, DECEDENT suffered a loss of life.  B.P.D., J.T.V.N., JOCELYN CHANTA LY JOANNA MARIAH LY, YOEUN VEN and SAN PREAM have also been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  B.P.D., J.T.V.N., JOCELYN CHANTA LY JOANNA MARIAH LY, YOEUN VEN and SAN PREAM are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

46.    The conduct of Defendants DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

47.    Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

/ / /
/ / /
/ / /
/ / /
/ / /

## THIRD CAUSE OF ACTION

### Interference with Familial Relationship and Freedom of Association - 42 U.S.C. § 1983

### (Plaintiffs B.P.D., J.T.V.N., JOCELYN CHANTA LY JOANNA MARIAH LY, YOEUN VEN and SAN PREAM against Defendants DOES 1-10, Inclusive)

48.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.     Plaintiffs B.P.D., J.T.V.N., JOCELYN CHANTA LY JOANNA MARIAH LY, YOEUN VEN and SAN PREAM had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in their familial relationship with their father, DECEDENT.

50.     As a result of the excessive force by Defendants DOES 1-10 and the failure of Defendants DOES 1-10 to intervene, DECEDENT died.  Plaintiffs B.P.D., J.T.V.N., JOCELYN CHANTA LY JOANNA MARIAH LY, YOEUN VEN and SAN PREAM were thereby deprived of their constitutional right and familial relationship with DECEDENT.

51.     Defendants DOES 1-10, acting under color of state law, thus violated the Fourteenth and Amendment rights of B.P.D., J.T.V.N., JOCELYN CHANTA LY JOANNA MARIAH LY, YOEUN VEN and SAN PREAM to be free from unwarranted interference with their familial relationship with DECEDENT, and

the First Amendment rights to be free from unwarranted interference with the constitutional right to freedom of association with DECEDENT.

52.     The aforementioned actions of Defendants DOES 1-10, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs B.P.D., J.T.V.N., JOCELYN CHANTA LY JOANNA MARIAH LY, YOEUN VEN and SAN PREAM and with purpose to harm unrelated to any legitimate law enforcement objective.

53.     As a direct and proximate cause of the acts of Defendants DOES 1-10, Plaintiffs have also been deprived of the life-long comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and a loss of financial support.

54.     The conduct of Defendants DOES 1-10 was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES 1-10.

55.     Decedent's successors-in-interest seek wrongful death damages under this claim.

## FOURTH CAUSE OF ACTION

## Municipal Liability for Unconstitutional Custom or Policy - 42 U.S.C. § 1983

### (Plaintiffs B.P.D., J.T.V.N., JOCELYN CHANTA LY and JOANNA MARIAH LY against Defendant CITY)

56.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 55 of this Complaint with the same force and effect as if fully set forth herein.

57.     On information and belief Defendants DOES 1-10 shooting of Decedent, who had acquiesced to any and all orders of Defendants DOES 1-10, and who posed no reasonable threat of bodily harm Defendants DOES 1-10 was ratified by CITY's police department supervisorial officers.

58.     On information and belief, DOES 1-10 were not disciplined for shooting DECEDENT to death, who did not pose a risk to Defendants DOES 1-10.

59.     Defendants DOES 1-10 deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

        a.     Employing and retaining as sheriff's deputies and police officers and other personnel, including Defendants DOES 1-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies, including the use of excessive and deadly force;

        b.     Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police officers, and other personnel, including Defendants DOES 1-10 who CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c.   By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DOES 1-10, who are Police Officers of CITY;

d.   By failing to discipline CITY Police Officers' conduct, including but not limited to, unlawful detention and excessive and deadly force;

e.   By ratifying the intentional misconduct of Defendants DOES 1-10 and other officers, who are Police Officers of CITY;

f.   By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects.  The policies, customs and practices of Defendants DOES 1-10, were done with a deliberate indifference to individuals' safety and rights;

g.   By failing to properly investigate claims of unlawful detention and excessive force by CITY Police Officers;

h.   Policy and practice of preemptively shooting at suspects, even when the suspects lack guns or projectiles, without examining whether the suspect was able to inflict injury on them;

i.   Policy and practice of instigating situations against any and all suspects, or suspected suspects, without evaluating, or taking into account, mental conditions or disabilities; and

j.   Failing to train its officers regarding deescalating situations involving those with mental illness or other medical conditions.

14

60.     By reason of the aforementioned policies and practices of Defendants DOES 1-10, DECEDENT was severely injured and lost her life.

61.     Defendants DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

62.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1-10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECENDENT's and Plaintiffs' constitutional rights.  Defendant DOES 1-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

63.     Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants DOES 1-10, were affirmatively linked to and were significantly influential force behind the injuries of DECEDENT and Plaintiffs.

64.     By reason of the aforementioned acts and omissions of Defendants DOES 1-10, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

65.     By reason of the aforementioned acts and omissions of Defendants DOES 1-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

66.     Accordingly, Defendants CITY OF LONG BEACH and DOES 1-10, each are liable to Plaintiffs for general and compensatory damages under 42 U.S.C. § 1983 in an amount determined by proof.

67.     Plaintiffs also seek attorney fees under this claim.

## FIFTH CAUSE OF ACTION

## Battery - Cal. Govt. Code § 820 – Wrongful Death

## (Plaintiffs B.P.D., J.T.V.N., JOCELYN CHANTA LY, JOANNA MARIAH LY and THE ESTATE OF SINUON SAMANTHA PREAM against DOES 1-10, Inclusive)

68.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 67 of this Complaint with the same force and effect as if fully set forth herein.

69.     Defendants DOES 1-10, while working as a Police Officer for the CITY Police Department, and acting within the course and scope of their duties, intentionally shot DECEDENT to death.  As a result of the actions by the defendants, DECEDENT ultimately died from her injuries.  Defendants had no legal justification for using deadly force against DECEDENT, and said defendants' force was unreasonable.

70.     As a direct and proximate result of defendants' conduct as alleged above, Plaintiffs also have been deprived of their life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs also are claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

71.     CITY are vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees

within the scope of the employment if the employee's act would subject him or her to liability.

72.     The conduct of Defendants DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

73.     Plaintiffs are seeking wrongful death damages under this claim in the amount of to be proven.

**SIXTH CAUSE OF ACTION**

**Negligence – Cal. Govt. Code § 820 – Wrongful Death**

**(Plaintiffs B.P.D., J.T.V.N., JOCELYN CHANTA LY, JOANNA MARIAH LY and THE ESTATE OF SINUON SAMANTHA PREAM against DOES 1-10, Inclusive)**

74.     Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 73 of this Complaint with the same force and effect as if fully set forth herein.

75.     The actions and inactions of the Defendants DOES 1-10 were negligent and reckless, including but not limited to:

 a. The failure to properly assess the need to detain, arrest, and use force or deadly force against DECEDENT;

 b. The negligent tactics and handling of the situation with DECEDENT;

 c. The negligent use of force, including deadly force, against DECEDENT;

 d. The failure to provide prompt medical care to DECEDENT;

 e. The failure to properly train and supervise employees, both professional and non-professional, including Defendants DOES 1-10;

f.   The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

g.   The negligent handling of evidence and witnesses.

76.   As a direct and proximate result of defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT ultimately died. Also as a direct and proximate result of defendants' conduct alleged above, Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs are also claiming funeral and burial expenses, loss of gifts and benefits and loss of financial support.

77.   CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries causes by its employees within the scope of the employment if the employee's act would subject him or her to liability.

78.   Plaintiffs are seeking wrongful death damages under this claim in the amount to be proven.

**WHEREFORE**, Plaintiffs requests relief as hereinafter provided.

**PRAYER FOR RELIEF**

1.   For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in an amount to be proven at trial;

2.   For funeral expenses and loss of financial support;

3.   For punitive damages against the individual defendants in an amount to be proven at trial;

4.   For interest;

5.      For an award of general and special damages in the amount to be proven at trial;

6.      For reasonable costs of this suit incurred herein;

7.      For reasonable attorney's fees and costs as provided by law;

8.      For such further other relief as the Court may deem just, proper and appropriate.


Dated: June 7, 2017                    **IVIE, McNEILL & WYATT**


By:    */s/ **Rodney S. Diggs***
       **RODNEY S. DIGGS**
       Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: June 7, 2017          **IVIE, McNEILL & WYATT**


By:     ***/s/ Rodney S. Diggs***
          **RODNEY S. DIGGS**
          Attorneys for Plaintiffs

# DECLARATIONS

## DECLARATION OF JOCELYN CHANTA LY

1.      The decedent's name who is the subject of this action for wrongful death is SINUON SAMANTHA PREAM.

2.      On or about January 15, 2017, at or around 11:15 a.m., DECEDENT was shot dead by DOES 1-10 near Seventh Street and Bellflower Blvd in the City of Long Beach, California.

3.      No proceeding is now pending in California for administration of the DECEDENT's estate.

4.      I am the natural daughter of the DECEDENT and I am the DECEDENT's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the DECEDENT's interest in the action or proceeding.

5.      B.P.D., J.T.V.N. and JOANNA MARIAH LY are bringing this claim with me and are the only other persons having the right to commence the action or proceeding.

        I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Dated: June 7, 2017                    */s/ Jocelyn Chanta Ly*
                                       Jocelyn Chanta Ly, Declarant

### DECLARATION OF JOANNA MARIAH LY

6.     The decedent's name who is the subject of this action for wrongful death is SINUON SAMANTHA PREAM.

7.     On or about January 15, 2017, at or around 11:15 a.m., DECEDENT was shot dead by DOES 1-10 near Seventh Street and Bellflower Blvd in the City of Long Beach, California.

8.     No proceeding is now pending in California for administration of the DECEDENT's estate.

9.     I am the natural daughter of the DECEDENT and I am the DECEDENT's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the DECEDENT's interest in the action or proceeding.

10.    B.P.D., J.T.V.N. and JOCELYN CHANTA LY are bringing this claim with me and are the only other persons having the right to commence the action or proceeding.

       I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Dated: June 7, 2017                    */s/ Joanna Mariah Ly*
                                       Joanna Mariah Ly, Declarant

**DECLARATION OF YOEN VEN, GUADIAN AD LITEM FOR B.P.D.**

11.     The decedent's name who is the subject of this action for wrongful death is SINUON SAMANTHA PREAM.

12.     On or about January 15, 2017, at or around 11:15 a.m., DECEDENT was shot dead by DOES 1-10 near Seventh Street and Bellflower Blvd in the City of Long Beach, California.

13.     No proceeding is now pending in California for administration of the DECEDENT's estate.

14.     I am the grandmother of the minor who is the natural son of the DECEDENT and is the DECEDENT's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the DECEDENT's interest in the action or proceeding.

15.     J.T.V.N., JOANNA MARIAH LY and JOCELYN CHANTA LY are bringing this claim with me and are the only other persons having the right to commence the action or proceeding.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.


Dated: June 7, 2017                              */s/ Yoeun Ven*_____
                                                 Yoeun Ven, Declarant

**DECLARATION OF YOEN VEN, GUADIAN AD LITEM FOR J.T.V.N.**

16.     The decedent's name who is the subject of this action for wrongful death is SINUON SAMANTHA PREAM.

17.     On or about January 15, 2017, at or around 11:15 a.m., DECEDENT was shot dead by DOES 1-10 near Seventh Street and Bellflower Blvd in the City of Long Beach, California.

18.     No proceeding is now pending in California for administration of the DECEDENT's estate.

19.     I am the grandmother of the minor who is the natural son of the DECEDENT and is the DECEDENT's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the DECEDENT's interest in the action or proceeding.

20.     B.P.D., JOANNA MARIAH LY and JOCELYN CHANTA LY are bringing this claim with me and are the only other persons having the right to commence the action or proceeding.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Dated: June 7, 2017                                    */s/ Yoeun Ven*
                                                      Yoeun Ven, Declarant

25