

FILED
CLERK, U.S. DISTRICT COURT

MAR 2 2 2019

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

THE ESTATE OF                          )
SINOUN SAMANTHA PREAM, ET AL.,         )        CASE NO. CV 17-4295-TJH(FFMx)
                                       )
            Plaintiff(s),              )
                                       )        JURY INSTRUCTIONS
        v.                             )        PHASE 1
THE CITY OF LONG BEACH, ET AL.,        )
                                       )
            Defendant.                 )
_____)

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

You may use the notes taken by you during the trial.  However, the notes should not be substituted for your memory.  Remember, notes are not evidence.  If your memory should differ from your notes, then you should rely on your memory and not on your notes.

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be treated as equals.

Although there is more than one defendant in this action, it does not follow from that fact alone that if one Defendant is liable to the Plaintiffs, both defendants are liable. Each Defendant is entitled to a fair consideration of the evidence. Neither Defendant is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each Defendant.

If a lawyer asks of a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

During the trial, I sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure.  You are not to draw any inference against the side I may have cautioned or warned during the trial.

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's the duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Generally speaking, there are two types of evidence presented during a trial – direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care.  The person alleged to have made the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A person can be negligent by acting or by failing to act. A person is negligent if he does something that a reasonably careful person would not do in the same situation, or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in the situation of Defendants Muhlenkamp and Domingo.

You must, also, decide how a reasonably careful person would have acted in Sinuon Samantha Pream's situation.

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A law enforcement officer may use reasonable force to arrest a person when the officer has reasonable cause to believe that that person has committed or is committing a crime.   However, the officer may use only that degree of force necessary to accomplish the arrest.

The Plaintiffs claim that Defendants Muhlenkamp and Domingo used unreasonable force in arresting Sinuon Samantha Pream.

To establish this claim, the Plaintiffs must prove all of the following as to each defendant:

1.   That the Defendant used force in arresting Sinuon Samantha Pream;

2.   That the amount of force used by the Defendant was unreasonable;

3.   That Sinuon Samantha Pream was harmed; and

4.   That the Defendant's use of unreasonable force was a substantial factor in causing Sinuon Samantha Pream's harm.

In deciding whether a Defendant used unreasonable force, you must consider all of the circumstances of the arrest and determine what force a reasonable police officer in the Defendant's position would have used under the same or similar circumstances.   Among the factors to be considered are the following:

(a)   Whether Sinuon Samantha Pream reasonably appeared to pose an immediate threat to the safety of the defendants or others;

(b)   The seriousness of the crime at issue; and

(c)   Whether Sinuon Samantha Pream was actively resisting arrest or attempting to avoid arrest by flight; and

(d)   The Defendant's tactical conduct and decisions before using force on Sinuon Samantha Pream.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

The Plaintiffs claim that Defendant Muhlenkamp violated their rights under the Fourteenth Amendment to be free from unlawful state inference with their familial relationship with Sinuon Samantha Pream.

To prevail on this claim, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.    The conduct of Defendant Muhlenkamp "shocks the conscience"; and

2.    The conduct of Defendant Muhlenkamp caused Sinuon Samantha Pream's death.

Conduct "shocks the conscience" if it is undertaken with either: (1) A purpose to harm unrelated to legitimate law enforcement objectives, or (2) Deliberate indifference.

If an officer acted during a fast paced circumstance, presenting competing public safety obligations, the Plaintiffs must prove that the Defendant acted with a purpose to harm unrelated to legitimate law enforcement objectives.

If an officer acted when actual deliberation was practical, then the officer's deliberate indifference may shock the conscience.

Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions.  Deliberate indifference requires more than negligence or ordinary lack of due care.

In general, a seizure of a person is unreasonable under the Fourth Amendment to the United States Constitution if a police officer uses excessive force in defending himself or others. Therefore, to prove an unreasonable seizure in this case, the Plaintiffs must prove by a preponderance of the evidence that Defendants Muhlenkamp and Domingo used excessive force when they shot Sinuon Samantha Pream.

Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight. Although the facts known to the officers are relevant to your inquiry, the officers' subjective intent or motive is not relevant to your inquiry.

In determining whether a Defendant used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1.    The nature of the crime or other circumstances known to the officer at the time force was applied;

2.    Whether Sinuon Samantha Pream posed an immediate threat to the safety of the officers or to others;

3.    Whether Sinuon Samantha Pream was actively resisting arrest or attempting to evade arrest by flight;

4.    The amount of time the officer had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

5.    The type and amount of force used;

6.    The availability of alternative methods to take Sinuon Samantha Pream into custody or to subdue Sinuon Samantha Pream;

7.    The number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; i.e., which party created the dangerous situation and which party is more innocent;

8.    Whether it was practical for the officer to give warning of the imminent use of force, and whether such warning was given;

9.    Whether it should have been apparent to the officer that the person they used force against was emotionally disturbed; and

10.   Whether there was probable cause for a reasonable officer to believe that the suspect had committed a crime involving the infliction or threatened infliction of serious physical harm.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that Sinuon Samantha Pream has committed a crime or was committing a crime.

If you find that a Defendant acted negligently, then you must decide whether Sinuon Samantha Pream's own negligence contributed to her death.

To establish that Sinuon Samantha Pream's own negligence contributed to her death, a Defendant must prove both of the following:

1.    That Sinuon Samantha Pream was negligent; and

2.    That Sinuon Samantha Pream's negligence was a substantial factor in causing her death.

If you find that a Defendant used excessive force against Sinuon Samantha Pream in violation of the Fourth Amendment, you must determine whether that conduct was malicious, oppressive, or in reckless disregard of Sinuon Samantha Pream's rights.

Conduct is malicious if it was accompanied by ill will, or spite, or if it was for the purpose of injuring Sinuon Samantha Pream.

Conduct is in reckless disregard of Sinuon Samantha Pream's rights if, under the circumstances, it reflected complete indifference to Sinuon Samantha Pream's safety or rights, or if a Defendant acted in the face of a perceived risk that his actions would violate Sinuon Samantha Pream's rights under federal law.

An act or omission is oppressive if a Defendant injured or damaged or otherwise violated the rights of Sinuon Samantha Pream with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of Sinuon Samantha Pream.

The verdict must represent the considered judgment of each of you.  To return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

25.

Upon retiring to the jury room, you will select one of you to act as your foreperson.  The foreperson will preside over your deliberations, and will be your spokesperson here in court.

A special verdict form has been prepared for your convenience.  You will take this form to the jury room.

[Read special verdict form.]

At any time during your deliberations, you may submit to the Court your verdict as to any party concerning whom you have unanimously agreed.

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing.  I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to me – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.

The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's is outweighed by other evidence, you may disregard the opinion entirely.

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness. However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Plaintiffs have the burden in a civil action, such as this, to prove every essential element of each of their claims by a preponderance of the evidence.  If Plaintiffs should fail to establish any essential element of a claim by a preponderance of the evidence, then you must find for the Defendant as to that claim.

Defendant Muhlenkamp has the burden of establishing the essential elements of the affirmative defense of self-defense, applicable only as to the Plaintiffs' claim for battery.  I will explain this later.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard applicable in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

As to the Plaintiffs' claim for battery, the Plaintiffs allege that Defendant Muhlenkamp harmed Sinuon Samantha Pream by using unreasonable force to defend himself.  To establish this claim, the Plaintiffs must prove all of the following:

1.  That Defendant Muhlenkamp intentionally touched Sinuon Samantha Pream or caused Sinuon Samantha Pream to be touched;

2.  That Defendant Muhlenkamp used unreasonable force to defend himself or others against Sinuon Samantha Pream;

3.  That Sinuon Samantha Pream did not consent to the use of that force;

4.  That Sinuon Samantha Pream was harmed; and

5.  That Defendant Muhlenkamp's use of unreasonable force was a substantial factor in causing Sinuon Samantha Pream's harm.

A police officer may use reasonable force to arrest or detain a person when he has reasonable cause to believe that that person has committed a crime.  Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the police officer unless the police officer is using unreasonable force.

In deciding whether Defendant Muhlenkamp used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Defendant Muhlenkamp's position under the same or similar circumstances. You should consider, among other factors, the following:

(a)  The seriousness of the crime at issue;

(b)  Whether Sinuon Samantha Pream reasonably appeared to pose an immediate threat to the safety of Defendant Muhlenkamp or others; and

(c)  Whether Sinuon Samantha Pream was actively resisting arrest or attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

As to the battery claim only, Defendant Bradley Muhlenkamp asserts that he is not responsible for Sinuon Samantha Pream's harm because he was acting in self defense.

To succeed on the affirmative defense of self defense, as to the battery claim only, Defendant Muhlenkamp must prove both of the following:

1.  That Defendant Muhlenkamp reasonably believed that Sinuon Samantha Pream was going to harm him; and

2.  That Defendant Muhlenkamp used only the amount of force that was reasonably necessary to protect himself.

The Plaintiffs claim that Sinuon Samantha Pream was harmed by the negligence of Defendant Muhlenkamp and Defendant Domingo.

To establish this claim, the Plaintiffs must prove all of the following as to each Defendant:

1.     That the Defendant was negligent;

2.     That Sinuon Samantha Pream was harmed; and

3.     That the Defendant's negligence was a substantial factor in causing Sinuon Samantha Pream's harm.